**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **LIBARDO JARAMILLO,** | |
| **Individually and on behalf of all others similarly situated,** | |
| *Plaintiff*, | |
| **v.** | Case No. _____ |
| | **CLASS ACTION** |
| **TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## <u>CLASS ACTION COMPLAINT</u>

Comes Now, the Plaintiff Libardo Jaramillo ("Plaintiff"), individually and on behalf of all others similarly situated, and brings this class action complaint against Defendants Taurus International Manufacturing, Inc. and Taurus Holdings, Inc. (collectively, "Taurus" or the "Taurus Defendants"), and alleges upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters based upon, *inter alia*, the investigation made by and through his attorneys, as follows:

### <u>INTRODUCTION</u>

1.      Plaintiff brings this nationwide class action on behalf of himself and all other individuals who own Taurus GX4™ Pistols (the "Class," defined at ¶ 54, *infra*, and "Class Pistols," as defined at ¶ 25, *infra*) that were designed, manufactured, assembled, and marketed by the Defendants in Bainbridge, Georgia, and distributed or sold by the Defendants in Georgia and throughout the United States.

2.      All the Class Pistols contain a Defect which renders the pistols unreasonably dangerous and unfit for their intended use. **Specifically, the Defect causes the trigger of the Class Pistols to move rearward when the pistol is subjected to an impact or dropped, which is referred to as a "Drop-Fire Defect." The Drop-Fire Defect causes the Class Pistols, including the Plaintiff's, to fire unexpectedly and against the intentions of the pistol's handler, potentially causing serious injury, and even death.**

3.      Upon information and belief, and based on reasonable investigation, the Defect will repeatedly and verifiably manifest in the Class Pistols.

4.      In filing this lawsuit, Plaintiff does not disparage the Second Amendment's right to bear arms. Rather, Plaintiff seeks to hold the Taurus Defendants accountable for their actions in designing, engineering, manufacturing, marketing, importing, distributing, selling, and/or failing to test and inspect the subject pistol, in addition to misrepresenting facts about the safety of his pistol, which is defective and unreasonably dangerous as described in this Complaint. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.

5.      This class action alleges, among other things, violations of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*; negligence; strict liability; breach of implied warranties; negligent failure to disclose, failure to warn, concealment and misrepresentation; fraudulent concealment and intentional failure to warn; unjust enrichment; and damages and declaratory relief in connection with the Class Pistols. The Taurus Defendants' conduct which gives rise to these causes of action encompasses the design, testing, manufacture, assembly, marketing, supply, warranty, misrepresentation, concealment, distribution, and sales of the Class Pistols.

6.      The Class Pistols are defective and unreasonably dangerous because the common manufacture and design of the Class Pistols suffers from the Drop-Fire Defect that causes the Class Pistols to fire unexpectedly and unintentionally. The Defect has created an unreasonably dangerous situation for a person owning and possessing a Class Pistol and has completely eliminated any value of the Class Pistols.

7.      Despite actual knowledge of the Defect, Taurus has never issued an effective and honest warning to the public; and has never recalled the Class Pistols, even though they are aware that individuals have been seriously injured as result of the Defect. and that it is only a matter of time before more individuals are seriously injured or killed.

8.      At all times relevant to the allegations in this Complaint, Taurus had a duty to disclose and warn Plaintiff and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defect. Notwithstanding their duty, and in violation thereof, Taurus carelessly and negligently failed to disclose and warn Plaintiff and Class Members and concealed and misrepresented the truth about the Class Pistols, the Defect, the inability to repair the Defect, and the fact that the Class Pistols are worthless.

9.      At all times relevant to the allegations in this Complaint, Taurus fraudulently concealed and intentionally failed to warn Plaintiff and Class Members of the Defect and the inability to repair the Defect with the intent to deceive the Plaintiff, Class Members, and the public. Taurus falsely and fraudulently represented to Plaintiff and Class Members that their Class Pistols were safe for normal and intended use, when in fact their Class Pistols were not safe for normal and intended use.

10.     At all times relevant to the allegations in this Complaint, Taurus willfully, knowingly, and recklessly committed unfair or deceptive acts or practices in Georgia for the

express willful purpose of wrongfully concealing the Defect and their knowledge of it, in violation of the Georgia Uniform Deceptive Trade Practices Act.

11.     The Defect is a latent Defect, and the Class Pistols are defective in a way that would not be apparent to Plaintiff and Class Members. Further, the cause of the Defect originates from the common design and manufacture of the Class Pistols, and Plaintiff and Class Members would not and could not know of the Defect by the exercise of reasonable diligence.

12.     At all times relevant to this action, Defendants conspired among themselves and with others to conceal from the public, Plaintiff, and Class Members the Defect, the inability to repair the Defect, the fact that the Class Pistols are worthless, and Defendants' efforts to understate or misrepresent the nature of the risk created by the Defect.

## PARTIES

13.     Plaintiff is over the age of 21 and is a citizen of Mesa, Arizona. Plaintiff owns a Class Pistol, in particular a Taurus GX4™ model, serial number 1GA67361, which was designed, manufactured, assembled, tested, marketed, warranted, distributed, and sold by Defendants.

14.     Defendants Taurus Manufacturing and Taurus Holdings operated and conducted business in Georgia during the timeframe relevant to the allegations in this Complaint. Defendants are headquartered in Bainbridge, Georgia, located in the Middle District of Georgia, Albany Division.

15.     Taurus Holdings is the one hundred percent stockholder of Taurus Manufacturing and both Defendants were in the business of manufacturing, selling, and distributing the Class Pistols.

16.     Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), in that the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and diversity of citizenship exists between the named Plaintiff and Defendants. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

18.     Diversity of citizenship exists in this case for purposes of subject matter jurisdiction. The named Plaintiff is a citizen of Arizona and none of the Taurus Defendants are citizens of Arizona. Defendants are citizens of Georgia.

19.     This Court has personal jurisdiction over Defendants because at all times relevant to the allegations in this Complaint they had their headquarters and principal places of business in Bainbridge, Georgia, and were engaged directly and through their agents in systematic and ongoing business transactions in the State of Georgia and within this District, including but not limited to, the design, testing, manufacture, import, assembly, marketing, supply, warranty, distribution, misrepresentation, and sales of the Class Pistols as well as other conduct in Georgia as described herein.

20.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) as to Defendants because they resided in this judicial district at all times relevant to the allegations in this lawsuit. Venue is further proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as to Defendants because as described herein a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district. The Taurus Defendants regularly and systematically conducted business in Georgia and in this judicial district, including but not limited to, the manufacture and distribution of Class Pistols throughout the United States from State of

Georgia under the "Taurus" brand name and distributing the Class Pistols in Georgia and throughout the United States under the "Taurus" brand name.

21.     All the challenged conduct surrounding Defendants' defective Class Pistols occurred or emanated from Georgia. The fraud, deception, false promises, misrepresentations, and the knowing concealment, suppression, or omission of material facts in the distribution, sale, and advertisement of the Class Pistols had their origins in Georgia. The corporate decision not to disclose, but rather to misrepresent, the known Defect was made by the Defendants in Georgia.

22.     In addition, venue is proper for the claim arising out of Georgia's Uniform Deceptive Trade Practices Act because the statute applies to any company engaging in any of the activities regulated by them within the State of Georgia, and, as alleged herein, the Defendants engaged in such activities within the State of Georgia.

23.     According to their website, "Taurus Holdings, Inc. is a Georgia based holding company" and, at their "Bainbridge, Georgia facilities, Taurus Holdings companies manufacture an incredible array of products from traditional single action revolvers, to pistols and revolvers of various designs." At the Bainbridge, Georgia facilities, Taurus "employ[s] over three hundred skilled workers and staff, who support manufacturing, importation, service, sales and marketing of Taurus and subsidiary branded firearms." Moreover, "Taurus International (TIMI) manufactures some models of Taurus brand firearms in the US" at the Bainbridge, Georgia facilities and "TIMI handles servicing for all Taurus branded firearms in the US either imported or manufactured by TIMI."

24.     Defendants Taurus Manufacturing and Taurus Holdings operated and conducted business in Georgia during the timeframe relevant to the allegations in this Complaint. Taurus Holdings is the one hundred percent stockholder of Taurus Manufacturing and both Defendants

were in the business of manufacturing, selling, and distributing the Class Pistols. Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity with regard to the allegations in this Complaint.

## COMMON FACTUAL ALLEGATIONS

25.     The Class Pistols include "All Series" or Models of the Taurus GX4™ Pistols.

26.     The Class Pistols are substantially similar and suffer from the same Drop-Fire Defect, which causes the trigger of the Class Pistols to move rearward when the pistol is subjected to an impact or dropped. The Drop-Fire Defect causes the Class Pistols, including the Plaintiff's, to fire unexpectedly and against the intentions of the pistol's handler, potentially causing injury, and even death.

27.     Because the design and manufacturing of the Class Pistols is common to all Class Pistols and is defective in all Class Pistols, the use and maintenance of the Class Pistols by Plaintiff and Class Members have no effect on the defective design or manufacture of the Class Pistols and the damages resulting from the defective design and manufacture.

28.     The Taurus GX4™ has not been subjected to and/or passed the Drop-Fire Tests in California and Massachusetts; therefore, the Taurus GX4™ is not approved or certified for sale in California or Massachusetts.

29.     The Class Pistols have a common latent design and manufacturing Defect, namely the Drop-Fire Defect, such that if the Class Pistols work as designed, they are still defective, and Plaintiff and Class Members would still be due relief.

30.     For years, Defendants have knowingly manufactured, marketed, and distributed thousands of defective Class Pistols to consumers throughout Georgia and the United States.

31.     Despite knowing about the Defect for several years, Defendants consciously and intentionally decided not to recall the Class Pistols which they knew were unreasonably dangerous and defective.

32.     Defendants have been aware of the Defect for years, and discovery of internal documents from Taurus will show that Taurus has been aware of the Defect since the early production of the Class Pistols. Such discovery will most likely reveal that Taurus has been aware of the Defect since the Class Pistols were first designed, manufactured, tested, produced, and distributed in the United States.

33.     Defendants have been aware of the Drop-Fire Defect since at least April 2022.

34.     On April 12, 2022, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4™, 9mm pistol, Serial #1GA61132, in the State of Kentucky. The pistol allegedly fell from the door of a pickup truck and, when it struck the asphalt, fired a round without the trigger being pulled. The owner of the pistol was shot. A lawsuit was filed on his behalf in the U.S. District Court for the Middle District of Georgia in December of 2022 against the Taurus Defendants. The allegations were that the pistol had a Drop-Fire Defect and was unreasonably dangerous, in that it would fire a round without the trigger being pulled.

35.     On May 8, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4™, 9mm, Serial #1GA67361 in the State of Arizona. The pistol allegedly fell from waist height and struck a tile floor in a convenience store. The pistol was in a holster during the entire event. When it struck the floor, it fired a round without the trigger being pulled and the round struck the user in the neck, causing her death. The entire event was captured on a video system in the convenience store, removing all doubt as to how the incident occurred.

36.     On May 8, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4™, 9mm pistol, Serial #1GA49883, in the State of Florida. The pistol allegedly fell from a small table in the owner's home and, when it struck the floor in the owner's home, it fired a round without the trigger being pulled. The owner of the pistol was shot because the pistol fired without the trigger being pulled.

37.     On November 2, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4™, 9mm pistol, Serial #1GA70792, in the State of Tennessee. The pistol allegedly fell from the owner's arms in his driveway, striking the driveway. The pistol allegedly fired a round without the trigger being pulled. The owner of the pistol was shot because the pistol fired without the trigger being pulled.

38.     On November 2, 2023, the Taurus Defendants were made aware of a Drop-Fire incident involving a Taurus GX4™, 9mm pistol, Serial #1GA83766, in the State of Texas. The pistol allegedly fell from the waist level of the owner in a tile bathroom. The pistol struck the tile floor and allegedly fired a round without the trigger being pulled. The owner of the pistol was shot because the pistol fired without the trigger being pulled.

39.     As described, the Drop-Fire Defect has manifested itself several times, sometimes causing serious bodily injury. Defendants are and were aware of those manifestations (and upon information and belief, Defendants are and were aware of many more), but have refused to recall the Class Pistols.

40.     On or about May 23, 2023, Taurus created a landing page on its website which admits that "[s]ome GX4 pistols assembled and sold only in the United States may, under certain circumstances, discharge when dropped."[1] The website instructs the customer to enter the serial

---

[1] Taurus GX4™ Pistols Important Safety Notice, https://gx4safetynotice.com.

number of their pistol and it "will promptly let you know whether your GX4 is subject to this Notice." If the pistol is subject to the notice, then "Taurus will inspect, repair, if necessary, and return your pistol to you as soon as possible, FREE of charge."

41.     This "Safety Notice" is inadequate in many ways, including, but not limited to, the following: (1) the Notice is not a recall; (2) there is no statutory mandated and administrative process to provide the Notice; (3) the Notice fails to provide Class Members with complete relief; (4) the Notice represents that the pistols will be repaired, while repair is not possible given the nature of the Defect and the Class Pistols must be returned to Taurus, destroyed, and Class Members given full cash refunds; (5) Taurus has retained all ill-gotten gains derived from the sale of the Class Pistols; and (6) Taurus has made no substantial efforts beyond a Notice on their own website to make the public aware of this Defect.

42.     Despite all the information Taurus has in connection with the Defect of the Class Pistols, Taurus has not undertaken any effort to inform the public or individuals who own Class Pistols about the Defect, or to issue any recalls and replace the Class Pistols.

43.     Plaintiff has filed this nationwide Class Action Complaint in order to seek declaratory relief and compensation for the damages of Plaintiff and the proposed Class and to force Taurus to act as responsible corporate citizens by educating their customers, lawful possessors of the Class Pistols, and the public about the dangers of the Class Pistols, and paying to allow the Plaintiff and the proposed Class to replace the Class Pistols on their own.

44.     The allegations in this Complaint are well-supported by the troublesome history of the Class Pistols; the harmful, sometimes life-threatening consequences of their use by consumers; and Defendants' continuing denial or failure to acknowledge the Defect. These critical facts about the Class Pistols and the Defect have been hidden from the public by Defendants' pattern of

concealing the Defect and refusing to warn the public despite the Defendants' knowledge of the Defect. More specifically, Defendants deliberately and actively concealed the material facts concerning the Defect by refusing to issue a Recall to the public and owners of the Class Pistols.

45.    Indeed, despite their knowledge of the Defect, Defendants failed, in any of their marketing or advertising materials, to acknowledge the Defect, leaving consumers, including Plaintiff, without knowledge of a deadly and unreasonably dangerous Defect in the Class Pistols. As a result of their omission, Defendants were able to market the Class Pistols as safe firearms despite their knowledge to the contrary.

46.    Simply stated, the Class Pistols are defective and inherently dangerous, and Taurus has been aware of the problem for several years; nevertheless, Taurus has allowed the Class Pistols to remain in the hands of unsuspecting gun owners despite the imminent risk of harm to the owners of the Class Pistols and the public.

## PLAINTIFF FACTS

47.    Plaintiff Libardo Jaramillo owns a Class Pistol bearing Serial No. 1GA67361. Plaintiff's Class Pistol has manifested the Defect that is common to every other Class Pistol.

48.    Plaintiff purchased the Taurus GX4™ pistol new on or about February 1, 2022. He carried the pistol for personal protection and kept it in a holster.

49.    Plaintiff lent the pistol to his friend, Elise Hurrle, a cashier at a convenience store in Mesa, Arizona.

50.    On April 7, 2023, Ms. Hurrle removed the subject pistol, in its holster, from the convenience store's checkout counter, attempted to attach the holster to her waistband, and dropped the pistol. When the pistol struck the ground, it fired, striking and immediately killing Ms. Hurrle. She was 23 years old, and the mother of one child.

51.     Surveillance footage from the convenience store clearly depicts that this was a Drop-Fire. In the footage, after the subject pistol fires and strikes Ms. Hurrle, she immediately falls to the ground, motionless.

52.     The Taurus Defendants currently market and sell the subject model pistol in the United States market. (*See* https://www.taurususa.com/pistols/taurus-gx4).

53.     Elise Hurrle is not a plaintiff in this action and is not a class member. She has filed a separate personal injury lawsuit. Moreover, this Class Action does not seek damages or make allegations of personal injuries caused by the Defect in the Class Pistols.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this suit as a nationwide class action on behalf of himself and all others similarly situated pursuant to Local Rule 23.1 and Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rule of Civil Procedure. The Class that Plaintiff seeks to represent is defined as follows:

> **All Persons of the United States, Commonwealth of Puerto Rico, U.S. Virgin Islands, and Guam who own one any Taurus GX4™ series or model. State, local, or federal governments, bodies or agencies are excluded from the Class.**

55.     Subject to additional information obtained through further investigation and discovery to be conducted, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

56.     Specifically excluded from the Class are the Taurus Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Taurus Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with the Taurus Defendants and their officers and directors, or any of them; the Judge assigned to this action, and

any member of the Judge's immediate family; and persons who have suffered or claimed to have suffered physical injury as a result of a defective Class Pistol.

57.   <u>Numerosity</u>:   The Class is composed of thousands of persons across the United States, making individual joinder impractical. While the exact number and identity of Class Members are not presently known, they can be identified through the review of records in the Taurus Defendants' possession, custody, and control, and through other formal discovery. Plaintiff is informed and believes that thousands of Class Pistols with the Defect were manufactured and/or assembled in Georgia and sold throughout the United States. Consequently, the individuals in the Class are so numerous that the sheer number of aggrieved persons makes joinder of all such persons impracticable, and the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the Court and is the most efficient and fair way to resolve the controversy.

58.   <u>Commonality</u>: Defendants have engaged in a standardized course of conduct that affects all Class Members. The critical question of law and fact common to the Plaintiff Class that will materially advance the litigation is whether the Class Pistols are inherently defective, contrary to the expectations imparted by Taurus through their representations, omissions, and suppression. Furthermore, other questions of law and fact common to the Class exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including the following:

a.   Whether the common design and manufacture of the Class Pistols as described is defective;

b.   Whether Taurus violated the Georgia Uniform Deceptive Trade Practices Act by, among other things, engaging in unfair, unlawful, or fraudulent practices in

connection with the failure to disclose the material and life-threatening Defect in the Class Pistols;

c.   Whether Taurus has been wrongfully and unjustly enriched as a result of the conduct set forth in the Complaint;

d.   Whether Plaintiff and the Class are entitled to equitable relief, including but not limited to restitution;

e.   Whether the design or manufacturing of the Class Pistols can cause the Defect, and thus the Class Pistols are not suitable for their intended use;

f.   Whether Taurus knew or should have known that the Class Pistols were defective;

g.   Whether Taurus had a duty to Plaintiff and the Class to disclose the true nature of the Class Pistols;

h.   Whether Taurus had a duty to recall the Class Pistols;

i.   Whether Taurus falsely represented that the Class Pistols were of a certain standard, quality, and grade, when in fact, they were not;

j.   Whether Taurus suppressed and concealed material information regarding the true characteristics and defective nature of the Class Pistols;

k.   Whether Taurus' false representations and suppression of the Defect was knowing, intentional, reckless, and malicious;

l.   Whether Plaintiff and the Class Members are entitled to compensatory, statutory, punitive, exemplary, and other forms of damages, and other monetary relief and, if so, in what amount;

m.   Whether Taurus breached their Implied Warranties to Plaintiff and the Class; and

n.   Whether Plaintiff and the Class members are entitled to an order requiring Taurus to recall all Class Pistols and compensate Plaintiff and Class Members.

59.   <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class, as all such claims arise out of the Taurus Defendants' conduct in designing, manufacturing, testing, marketing, advertising, warranting, and selling the defective Class Pistols. The Defect of the Class Pistols renders each Class Member's claims, legal theories, and injuries common and typical.

60.   <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interests antagonistic to those of the Class. Plaintiff has retained counsel and law firms that are experienced in the prosecution of complex class actions.

61.   <u>Predominance and Superiority</u>: The class action in this instance is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and this Class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of the Class is impracticable. The common liability issues in this Class Action may be resolved efficiently on a class-wide basis. Should individual Class Members be required to bring separate actions, **<u>assuming Class Members were aware of the latent Defect</u>**, this Court and courts throughout the nation would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court. The common design and manufacturing result in a latent Defect and the Class Pistols are defective in a way that would not be apparent to Plaintiff and Class Members.

As a result, Class Members are unaware of the Defect and their claims against Defendants because of the latent Defect; therefore, without notice of the Defect, a failure of justice will occur in the absence of a class action.

62.    <u>Declaratory and Injunctive Relief</u>: The class action is also appropriate because the Taurus Defendants have acted or refused to act on grounds generally applicable to the class, and the Plaintiff and putative class seek, <u>inter alia</u>, equitable remedies with respect to the class. Indeed, the prosecution of separate actions for injunctive relief would create the risk of establishing incompatible standards of conduct for the Taurus Defendants. In addition, individual actions for injunctive relief may, as a practical matter, be dispositive of the interests of class members, who would not be party to those actions.

## ESTOPPEL AND TOLLING OF STATUTE OF LIMITATIONS

63.    The Taurus Defendants are estopped from relying on any statutes of limitation or repose by virtue of their acts of fraudulent concealment, which include the Taurus Defendants' intentional concealment from Plaintiff, Class Members, and the general public that the Class Pistols are defective, while continually marketing the Class Pistols with the Defect described herein.

64.    Given the Taurus Defendants' affirmative actions of concealment by failing to disclose this known but non-public information about the Defect – information over which the Taurus Defendants had exclusive control – and because Plaintiff and Class Members therefore could not reasonably have known that the Class Pistols were defective, Defendants are estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count One
### Violation of Georgia's Uniform Deceptive Trade Practices Act

65.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

66.     Defendants, Plaintiff, and Class Members are "persons" within the meaning of Georgia's Uniform Deceptive Trade Practices Act ("Georgia UDTPA"), O.C.G.A. § 10-1-371(5). This cause of action is brought pursuant to the UDTPA, O.C.G.A. § 10-1-370, *et seq*.

67.     The Georgia UDTPA declares unlawful "deceptive trade practices," which include, among other things, "represent[ing] that goods or services are of a particular standard, quality, or grade . . . if they are of another"; "represent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, or benefits that they do not have"; "advertis[ing] goods or services with intent not to sell them as advertised"; and "engag[ing] in any other conduct which similarly creates a likelihood of confusion or of misunderstanding." O.C.G.A. § 10-1-372.

68.     Consumers and the consuming public under the UDTPA include Georgia residents and non-residents of Georgia, and Georgia has a strong interest in regulating the conduct of corporations headquartered within the state. There are no geographical or residential restrictions contained within the express language of the UDTPA and the UDTPA applies to Taurus Defendants regardless of where the distribution and sale of Class Pistols occurred.

69.     In violation of the UDTPA, the Taurus Defendants employed fraud, deception, false promise, misrepresentation and the knowing concealment, suppression, or omission of material facts in their distribution, sale, marketing, and advertisement of the Class Pistols, including information in the Taurus Manuals, on the website of the Taurus Defendants, and the material facts as set forth in the following paragraph.

70.     Prior to and at the time the Taurus Defendants distributed the Class Pistols from their headquarters in Georgia for sale to the public they engaged in fraud, deception, false promises, misrepresentations, concealment, suppression, or omission of material facts in violation of the UDTPA in the following ways: (a) representing that the "Taurus pistols were manufactured to perform properly with the original parts as designed"; (b) representing that the Class Pistols "[were] carefully inspected and test fired in order to ensure that it conformed to our specifications and standards"; (c) omitting information which they knew or should have known involve the safety of the Class Pistols. Specifically, the Taurus Defendants concealed the Defect from the public; and (d) by distributing and selling the Class Pistols, Taurus impliedly represented to Plaintiff and Class Members that the Class Pistols are fit for the purpose for which they are intended and safe to use.

71.     The misrepresentations, deception, false promises, knowing concealment, suppression, omission of material facts in their distribution, sale, marketing, and advertisement of the Class Pistols, including information in the Taurus Manuals and on the website of the Taurus Defendants were uniform as to Plaintiff and each class member and the decisions involving misrepresentations, deception, false promises, knowing concealment, suppression, and omission of material facts were made by Taurus Defendants in Georgia.

72.     The Taurus Defendants violated the UDTPA by failing to disclose to and concealing from Plaintiff, Class Members, prospective purchasers, and the public the Defect in the Class Pistols.

73.     The Taurus Defendants engaged in the concealment, suppression, or omission of the aforementioned material facts with the intent that others, such as Plaintiff, Class Members, and the public would rely upon the concealment, suppression, or omission of such material facts.

74.     These misrepresentations, practices, and omissions of the material facts are likely to affect a consumer's choice of or conduct regarding the ownership and use of the Class Pistols. The issue is not whether Plaintiff and Class Members relied on the misrepresentations, practices, concealment, and omissions of the material facts, but whether the misrepresentations, practices, concealment, and omissions of the material facts were likely to deceive a consumer acting reasonably in the same circumstances and Plaintiff and Class Members need not prove individual reliance. Since proof of reliance is not necessary, issues relating to causation and damages will be common to Plaintiff and all Class Members. To the extent reliance is required by law, reliance and damages are sufficiently shown by the fact that Plaintiff and Class Members own and use a Class Pistol.

75.     The Taurus Defendants' concealment, suppression, or omission of material facts as alleged herein constitutes a "deceptive trade practice" within the meaning of the UDTPA. O.C.G.A. § 10-1-372(a).

76.     The Taurus Defendants either knew, or should have known, that the Class Pistols are defectively designed and manufactured and were not safe due to the defective slide and that serious injury or death could occur when a Class Pistol is normally used. All of the Taurus Defendants' unfair or deceptive acts relate to their involvement in placing the Class Pistols into the stream of commerce from their headquarters in Georgia, knowing the Class Pistols were not safe and that serious injury or death could occur because of the Defect.

77.     Upon information and belief, the Taurus Defendants knew that at the time the Class Pistols left the Taurus Defendants' control that the Class Pistols contained the Defect described herein. At the time of manufacture, distribution, and sale, the Class Pistols contained the common Defect. The Defect reduced the effectiveness and performance of the Class Pistols and rendered

them unable to perform the ordinary purposes for which they were used as well as caused the resulting damage described herein.

78.     As a direct and proximate cause of the violation of the UDTPA described herein, Plaintiff and Class Members have been injured in that they own and use Class Pistols with the Defect based on nondisclosure of the material facts alleged herein, including but not limited to, nondisclosure of the Defect.

79.     The Taurus Defendants' actions in connection with the designing, manufacturing, marketing, testing, and distributing of the Class Pistols as set forth herein evidences a lack of good faith, honesty in fact, and observance of fair dealing so as to constitute unconscionable commercial practices, in violation of the UDTPA.

80.     The Taurus Defendants acted willfully, knowingly, intentionally, unconscionably and with reckless indifference when it committed these acts of consumer fraud described herein.

81.     Said acts and practices on the part of the Taurus Defendants were and are illegal and unlawful pursuant to O.C.G.A. § 10-1-372.

82.     As direct result and proximate result of the Taurus Defendants' violations of the UDTPA, Plaintiff and Class Members have suffered damages, regardless of whether the Class Pistols have malfunctioned or manifested the Defect in some way. Plaintiff and the Class Members are entitled to compensatory damages, including damages for the diminished value of the Class Pistols. Further, Plaintiff and Class Members are entitled to equitable and declaratory relief, damages allowed under the UDTPA, costs, the establishment of a common fund if necessary, and statutory attorney fees. O.C.G.A. § 10-1-373.

## Count Two
## Negligence

83.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

84.     At all times relevant to this action, the Taurus Defendants had the duty to exercise that degree of care that a reasonably prudent firearm manufacturer and distributor should use in the design, testing, selection, manufacture, assembly, marketing, supply, distribution, and sales of Class Pistols. Notwithstanding this duty, and in violation thereof, the Taurus Defendants negligently and carelessly designed, tested, selected, manufactured, assembled, marketed, supplied, distributed, and sold Class Pistols with the Defect. As a direct and proximate result of this breach of duty, individuals who own a Class Pistol are exposed to a substantial, clear, and unreasonable risk of serious injury or death.

85.     Plaintiff, on behalf of himself, and the Class, demands judgment against the Taurus Defendants for compensatory damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

## Count Three
## Strict Liability in Tort – O.C.G.A. § 51-1-11

86.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

87.     The Taurus Defendants are and were at all relevant times "manufacturers" of firearms — and specifically the Class Pistols — within the meaning of O.C.G.A § 51-1-11(b)(1).

88.     When sold by the Taurus Defendants, the Class Pistols were "not merchantable and reasonably suited to the use intended," and their defective condition proximately caused injury to Plaintiff and the Class Members. O.C.G.A. § 51-1-11(b)(1).

89.     The Taurus Defendants designed and manufactured the Class Pistols with the Defect, rendering the Class Pistols inherently dangerous and creating a substantial, clear, extreme, and unreasonable risk of serious injury or death to Plaintiff and Class Members. The Taurus Defendants manufactured, assembled, marketed, distributed, and sold the Class Pistols with the Defect. The Class Pistols were in the same defective condition due to the Defect from the time they left the Taurus Defendants' control until they reached the Plaintiff and Class Members, all of whom use the Class Pistols in the manner intended by the Taurus Defendants.

90.     The Class Pistols were sold in substantial and unreasonably dangerous condition to an extent beyond that which would be contemplated by the ordinary consumer, including Plaintiff and Class Members.

91.     As a direct and proximate result of the facts alleged above, Plaintiff and Class Members are exposed to a clear, substantial, and unreasonable risk of serious injury or death from the Defect and the Class Pistols.

92.     The Taurus Defendants are strictly liable in tort for all injuries, damages, and losses that have or may result from the unintentional and unwanted discharge of a Class Pistol, and for the cost of rendering the Class Pistols safe.

93.     Plaintiff, on behalf of himself and the Class, demands judgment against the Taurus Defendants for compensatory and punitive damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

**Count Four**
**Breach Of Implied Warranty of Merchantability**

94.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

95.     Georgia law provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." O.C.G.A. § 11-2-314.

96.     The Taurus Defendants are and were at all relevant times "merchants" with respect to firearms — and specifically the Class Pistols — under O.C.G.A. § 11-2-104(1).

97.     Plaintiff and the Class Members are in privity of contract with the Taurus Defendants, as the Defendants' warranties ran to Plaintiff and the Class Members as the ultimate consumers of the Class Pistols. To the extent necessary, Plaintiff and the Class Members may also enforce the protections of the Defendants' warranties as third-party beneficiaries pursuant to O.C.G.A. § 11-2-318.

98.     At all times mentioned herein, the Taurus Defendants designed, manufactured, marketed, distributed, and sold the Class Pistols with the Defect, and prior to ownership of the Class Pistols by Plaintiff and Class Members, the Taurus Defendants impliedly warranted to Plaintiff and Class Members that the Class Pistols were of quality and fit for the use for which they were intended, that the Class Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

99.     Plaintiff and Class Members, in owning and using the Class Pistols, relied upon the skill and judgment of the Taurus Defendants.

100.    The Class Pistols are unfit for their intended use and are not of merchantable quality, as warranted by the Taurus Defendants, in that they had and have the propensities to fail to perform and protect, including but not limited to, the slide breaking apart when fired.

101.    Defendants designed and manufactured the Class Pistols with the Defect. Defendants designed, manufactured, marketed, distributed, and placed the Class Pistols into the stream of commerce knowing and expecting that the Class Pistols would be used by consumers and around the general public and by distributing the Class Pistols, Taurus impliedly represented to Plaintiff and Class Members that the Class Pistols were merchantable, would operate effectively, were safe for normal use, suitable for the ordinary and usual purposes for which they were intended, and would not create an unreasonable risk of injury to consumers.

102.    Defendants were on notice of the breach of implied warranties at the time the Class Pistols were manufactured and distributed by Taurus. Defendants knew or should have known about the Defect.

103.    Defendants failed to provide an adequate remedy and caused their implied warranties to fail at their essential purpose, thereby permitting remedy under the implied warranties to Plaintiff and others similarly situated.

104.    As a direct and proximate result of the breach of said warranties, Plaintiff and Class Members have suffered and will continue to suffer a loss as alleged herein in an amount to be determined at trial.

105.    Plaintiff, on behalf of himself and all others similarly situated, demands judgment against the Taurus Defendants for compensatory damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

## Count Five
### Negligent Failure to Disclose, Failure to Warn, Concealment and Misrepresentation

106.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

107.     The Class Pistols are an inherently dangerous commodity and Defendants at all times relevant had a duty to disclose to and warn Plaintiff and Class Members truthfully and accurately, and not to conceal or misrepresent such truth, about the Defect, and a duty to provide a fair and adequate warning of the dangerous potentiality of the slide to break apart due to the Defect.

108.     By the Taurus Defendants' designing, manufacturing, failing to test, marketing, distributing, and placing an inherently dangerous commodity such as the Class Pistols in the channels of trade, then by the very nature of their commercial activity, the Taurus Defendants have a duty to provide a fair and adequate warning of the dangerous potentiality of the Class Pistols due to the Defect.

109.     Defendants could foresee that the Class Pistols, due to the latent Defect, posed a clear, substantial, and unreasonable risk of personal injury and death. The proper measure of duty for the Taurus Defendants in designing, manufacturing, testing, selling, marketing, and distributing an inherently dangerous commodity such as the Class Pistols is the reasonable foreseeability that serious injury or death might result from the use of the commodity.

110.     Notwithstanding this duty, and in violation thereof, Defendants carelessly and negligently failed to disclose to and warn Plaintiff and Class Members, and concealed and misrepresented the truth, about the latent Defect which posed a clear, substantial, and unreasonable risk of personal injury and death.

111.     Because Plaintiff and Class Members did not have an equal opportunity to discover such truth about the Taurus Defendants' defectively designed Class Pistols, Plaintiff and Class Members own and use the Class Pistols in the reasonable, but, unbeknownst to them, false belief they were fit for use, merchantable, and reasonably safe for their intended purposes.

112.     Because the Class Pistols were not in fact fit for use, merchantable, and reasonably safe for their intended purposes, and because of Defendants' negligent failure to disclose and warn and their concealment and misrepresentation of such facts, as a direct and proximate result Plaintiff and Class Members have been exposed to a clear, substantial, and unreasonable risk of serious injury and death.

113.     Plaintiff, on behalf of himself, and the Class, demands judgment against Taurus for damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

### Count Six
### Fraudulent Concealment And Intentional Failure To Warn

114.     Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

115.     Defendants fraudulently concealed and intentionally failed to warn Plaintiff and Class Members of the Defect with the intent to deceive Plaintiff and Class Members into ownership and use Class Pistols without knowledge of the Defect which poses a clear, substantial, and unreasonable risk of personal injury and death.

116.     Defendants falsely and fraudulently represented to Plaintiff and Class Members that their Class Pistols were safe for normal use.

117.     Plaintiff and Class Members reasonably and justifiably relied on the Defendants' false and fraudulent representations, and on the Defendants' deliberate silence, concerning the highly significant and material fact that the Class Pistols were not safe for normal use, as a result of which, to their detriment, they elected to own and use Class Pistols without knowledge of such fact. There were no reasonable means for Plaintiff or Class Members to make themselves aware

of such fact, since the Defendants have retained tight control of the relevant information concerning the Defect.

118.    As a direct and proximate result of Defendants' fraudulent conduct, of both commission and omission, Plaintiff and Class Members have been exposed to a clear, substantial, and unreasonable risk of personal injury and death during their lawful possession and normal use of their Class Pistols.

119.    Plaintiff, on behalf of himself, and the Class, demands judgment against the Taurus Defendants for compensatory and punitive damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

<u>**Count Seven**</u>
<u>**Unjust Enrichment**</u>

120.    Plaintiff, individually, and on behalf of all others similarly situated, incorporates by reference paragraphs 1 through 64 as though expressly stated herein in this paragraph.

121.    The Taurus Defendants have been unjustly enriched by Plaintiff and the Class Members through Plaintiff's and Class Members' purchasing Class Pistols from the Taurus Defendants, which Plaintiff and Class Members would not have purchased but for the Taurus Defendant's concealment of the Defect.

122.    Plaintiff and the Class Members unknowingly conferred a benefit on the Taurus Defendants of which the Taurus Defendants had knowledge, as the Defendants were aware of the defective nature of its Class Pistols. The Taurus Defendants failed to disclose this knowledge and misled Plaintiff and the Class Members regarding the nature and quality of the Class Pistols while profiting from their deception.

123.    The circumstances are such that it would be inequitable, unconscionable, and unjust to permit the Taurus Defendants to retain the benefit of revenue that was unfairly obtained from Plaintiff and the Class Members.

124.    Having been damaged by the Taurus Defendants' conduct in this regard, Plaintiff, on behalf of himself, and the Class, demands judgment against the Taurus Defendants for compensatory and punitive damages for himself and each member of the Class, for the establishment of a common fund, plus attorney's fees, interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for a judgment against the Taurus Defendants as follows:

a.    Enter an Order certifying this action to proceed as a class action, and naming Plaintiff as the representative for the Class and her counsel as counsel for the Class;

b.    Enter an award in favor of Plaintiff and the Class that includes compensatory, exemplary, or punitive damages, treble damages, and statutory damages, including interest thereon, in an amount to be proven at trial;

c.    Enter an award in favor of Plaintiff and the Class for compensatory damages that includes the cost of repair, replacement, or modification of the Defect to render safe the Class Pistols;

d.    Declare that all Class Pistols with the Defect have a common Defect in workmanship and material that allows the slides on the Pistols to break apart unexpectedly when being fired;

e.    Declare that Defendants knew of the Defect in the Class Pistols and failed to disclose material facts about the Defect;

f. Declare that Defendants are financially responsible for notifying all Class Members of the Defect with the Class Pistols;

g. Declare that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Class Pistols or order the Taurus Defendants to make full restitution to Plaintiff and Class Members;

h. Award injunctive relief requiring Defendants to issue a recall of all Class Pistols;

i. Grant Plaintiff and the Class all other equitable remedies permitted by law against Defendants;

j. Enter an award of attorneys' fees and costs, as allowed by law;

k. Enter an award of pre-judgment and post-judgment interest, as provided by law;

l. Grant Plaintiff and the Class leave to amend the Complaint to conform to the evidence produced at trial; and

m. Grant such other relief against Defendants as the Court may deem just and proper under the circumstances and applicable law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted, this 10th day of November, 2023.

/s/ Christina D. Crow
Christina D. Crow
JINKS CROW, PC
219 North Prairie Street
Union Springs, Alabama 36089
T:  (334) 738-4225
F:  (334) 738-4229
E:  christy.crow@jinkscrow.com

M. Todd Wheeles *(pro hac vice forthcoming)*
Matthew G. Garmon *(pro hac vice forthcoming)*
WHEELES GARMON, LLC
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T:  (205) 988-9253
F:  (205) 733-4896
E:  todd@wheelesgarmonattorneys.com
     matt@wheelesgarmonattorneys.com

David L. Selby, II *(pro hac vice forthcoming)*
Matthew J. Ford *(pro hac vice forthcoming)*
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, Alabama 35244
T:  (205) 988-9253
F:  (205) 733-4896
E:  dselby@baileyglasser.com
     mford@baileyglasser.com

John W. Barrett *(pro hac vice forthcoming)*
J. Lincoln Wolfe *(pro hac vice forthcoming)*
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia 25301
T:  (304) 345-6555
F:  (304) 342-1110
E:  jbarrett@baileyglasser.com
     lwolfe@baileyglasser.com

Defendants to be served via process server as follows:

TAURUS INTERNATIONAL MANUFACTURING, INC.
c/o Thomas Conger, Registered Agent
218 E. Water Street
Bainbridge, GA 39817

TAURUS HOLDINGS, INC.
c/o Thomas Conger, Registered Agent
218 E. Water Street
Bainbridge, GA 39817