# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| LIBARDO JARAMILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TAURUS INTERNATIONAL MANUFACTURING, INC., and TAURUS HOLDINGS, INC.,<br><br>Defendant. | CASE NO.: 1:23-CV-196 (LAG) |

## **ORDER**

Before the Court is Plaintiff's Motion to Set Aside Judgment In Order to File Amended Complaint. (Doc. 36). For the reasons below, Plaintiff's Motion is **DENIED**.

On September 27, 2024, this Court entered an order granting Defendant's Motion to Dismiss without prejudice and entered a judgment dismissing this case. (Doc. 34). Rather than seeking reconsideration of the Court's Order or appealing the dismissal to the Eleventh Circuit, on November 4, 2024, Plaintiff filed a Motion to Set Aside Judgment.[1] In the Motion, Plaintiff asks the Court to "rescind its judgment order and allow Plaintiff to seek leave to amend the original complaint" pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 36 at 1). On November 19, 2024, Defendant filed a response. (Doc. 37). Plaintiff did not file a reply. The Motion is now ripe for review. *See* M.D. GA. L.R. 7.3.

Plaintiff requests that this Court "rescind the judgment order under Rule 60" and "authorize leave to amend the Complaint within seven days of the entry of an order granting this motion." (Doc. 36 at 1–2). In the Motion, Plaintiff states that "it was a mistake or

---

[1] The deadline to seek reconsideration pursuant to Local Rule 7.6 was October 11, 2024. The deadline to move to alter or amend the judgment pursuant to Rule 59 was October 25, 2024. The deadline to appeal pursuant to Federal Rule of Appellate Procedure 4 was October 28, 2024. All of these opportunities for review expired prior the filing of this Motion.

inadvertence to enter a judgment order, the purpose of which is to dismiss the action and allow a final order appeal under 28 U.S.C. § 1291, while at the same time dismissing the action without prejudice." (*Id.*).

> Under Rule 60(b), a judgment may be set aside for:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60 is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Montero v. Potter*, 174 F. App'x 489, 490 (11th Cir. 2006) (internal quotations omitted) (quoting *Griffin v. Swim–Tech Corp.,* 722 F.2d 677, 680 (11th Cir.1984)). "To prevail on this ground, the appellant has the burden to demonstrate a justification so compelling the court was 'required' to vacate its order." *Id.* (quoting *Rice v. Ford Motor Co.,* 88 F.3d 914, 919 (11th Cir.1996)). Rule 60(b) "strikes a 'delicate balance' between the court's obligation to do substantial justice and the 'sanctity of final judgments.'" *Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (quoting *Griffin*, 722 F.2d at 680. Furthermore, "Rule 60(b) may not be used to challenge mistakes of law that could have been raised on direct appeal." *Hunt v. Nationstar Mortg., LLC*, 779 F. App'x 669, 670 (11th Cir. 2019).

Plaintiff did not seek leave to amend his Complaint, but argues that the Court erred by not *sua sponte* granting Plaintiff leave to amend his Complaint. (Doc. 36 at 1–2). This issue is well-settled, however, as the Eleventh Circuit has explained that "[a] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d

2

541, 542 (11th Cir. 2002). As Plaintiff, who was represented by counsel, never filed a motion for leave to file an amended complaint, the Court's dismissal without prejudice was not in error. Accordingly, Plaintiff has not demonstrated that there are exceptional circumstances warranting setting aside the judgment and his Motion to Set Aside Judgment In Order to File Amended Complaint (Doc. 36) is **DENIED**.

      **SO ORDERED**, this 27th day of December, 2024.

                            /s/ Leslie A. Gardner
                            **LESLIE A. GARDNER, CHIEF JUDGE**
                            **UNITED STATES DISTRICT COURT**